IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES "AARON" HILL

       Plaintiff,

v.                                                                 CIV 15-0886 WJ/KBM

CITY OF SANTA FE,
BRIAN K. SNYDER, RENEE MARTINEZ,
and SANDRA PEREZ, in their official
and individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO STAY

THIS MATTER comes before the Court on Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of Their Motion for Summary Judgment on the Basis of Qualified Immunity (*Doc. 28*), filed June 1, 2016, and Plaintiff's Rule 56(d) Affidavit – Supporting Plaintiff's Motion for Continuance Before Decision and Hearing on Motion for Summary Judgment and Qualified Immunity (*Doc. 32*), filed July 5, 2016. Having reviewed the parties' submissions, and all pertinent authority, the Court will grant Defendants' Motion.

### I.     BACKGROUND

Plaintiff was employed by Defendant City for over twenty years until he was terminated pursuant to a grievance filed by fellow employee Nancy Howley. *See generally Doc. 1-3*. Plaintiff alleges that the termination violated his procedural due process rights (Count I) and liberty interests (Count II) under the Federal and State Constitutions, constituted a breach of the American Federation of State, County and

Municipal Employees Agreement (Count III), and breached the implied covenant of good faith and fair dealing (Count IV). *Id.* at 8-16.

On May 31, 2016, the Defendants filed a Motion for Summary Judgment on the Basis of Qualified Immunity and Memorandum in Support, which asks the Court to dispose of all of Plaintiff's claims. *See Doc. 27*. Thereafter, Defendants filed the present Motion to Stay, and Plaintiff responded on July 6, 2016. *Doc. 33*. In addition to his response, Plaintiff has submitted a Rule 56(d) affidavit, seeking additional discovery before presiding Judge Johnson decides Defendants' Motion for Summary Judgment. *Doc. 32*.

## II.     LEGAL STANDARD

"[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity." *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir.), *cert. denied*, 135 S. Ct. 881 (2014) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). However, Rule 56(d)(2) authorizes a Court to allow time to obtain discovery where the party opposing summary judgment shows that "it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d)(2). These facts must be presented in the form of an affidavit. *See* Fed. R. Civ. P. 56(d). While the affidavit "need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (referring to Rule 56(f), which was recodified as Rule 56(d) by amendments effective December 1, 2010). "The nonmovant must also

explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).

This burden is somewhat elevated in qualified immunity cases because officials have "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quotations omitted). "Because 'the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery' . . . there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense." *Martin v. County of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").

However, "[a]lthough an assertion of qualified immunity heightens the Rule 56(d) burden, 'limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.'" *Gomez v. Martin*, 593 F. App'x 756, 760–61 (10th Cir. 2014) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 593 n.14 (1998)). "[T]he plaintiff bears the burden of demonstrating 'how such discovery will raise a genuine fact issue as to the defendants' qualified immunity claim.'" *Martin*, 626 F. App'x at 740 (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir.1994)). In the absence of that showing, a defendant claiming entitlement to

3

qualified immunity should not be forced to endure the burdens imposed by the discovery process.

### III. ANALYSIS

Simply put, Plaintiff has not met his elevated burden. In his Rule 56(d) affidavit, Plaintiff seeks "[l]imited discovery in the form of depositions of a Rule 30(B0(6) (sic) deponent and City Manager Bryan Snyder and Renee Martinez[.]" *Id.* at 1. In support of his request to take these depositions, Plaintiff states that they "will create significant issues of credibility, violations of due process and dispute the material facts which cannot be resolved through Defendants' Motion for Summary Judgment." *Id.* at 2.

Yet Plaintiff's Rule 56(d) affidavit does not: identify facts that he asserts are disputed, establish how the proposed additional discovery he requests would allow him to dispute those facts, set forth the efforts he has taken to discover those facts, or explain how additional time will allow him to rebut Defendants' assertion of no genuine dispute of material facts. Moreover, Plaintiff's response to Defendants' Motion for Summary Judgment, to which he attached seventeen separate exhibits, suggests that he can present "facts essential to justify his opposition" to Defendants' Motion. While Plaintiff bemoans that he has been denied the benefit of discovery as to requests served before the filing of Defendants' Motion for Summary Judgment, *see Doc. 33* at 1, he does not seek that information in his Rule 56(d) affidavit. Rather, Plaintiff seeks to take three depositions, two of named defendants in this action who are claiming entitlement to qualified immunity. *See Doc. 27* at 15. In light of Plaintiff's failure to state what specific information would be elicited from these individuals, and how that information will assist him in overcoming Defendants' summary judgment motion, the

Court will not permit them to be stripped of the protections of qualified immunity to which they claim entitlement.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of Their Motion for Summary Judgment on the Basis of Qualified Immunity (*Doc. 28*) is **granted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE